### DOBBS v. WHITFIELD et al.

(Court of Civil Appeals of Texas. Texarkana. May 1, 1913.)

CHATTEL MORTGAGES (§ 176*)—CONVEYANCE BY MORTGAGEE—EVIDENCE OF SUBSEQUENT RETAKING—ADMISSIBILITY.

Where it appeared that a chattel mortgagee had sold the property under the mortgage to one who had been in partnership with the mortgagor, evidence that thereafter he had to take possession of it after its abandonment by the buyer in order to protect it from a landlord's lien is not admissible in an action for the conversion based upon the original taking and sale.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 335, 337–339; Dec. Dig. § 176.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by J. R. Whitfield and another against N. J. Dobbs. Judgment for the plaintiffs in the District Court upon appeal from a Justice Court, and the defendant appeals. Affirmed.

P. M. Young and M. P. McGee, both of Marshall, for appellant. Lane &. Lane, of Marshall, for appellees.

HODGES, J. The appellees, J. R. Whitfield and wife, recovered a judgment against the appellant, Dobbs, in the justice court of Harrison county for the sum of $47.50. On appeal by Dobbs to the district court appellees again recovered judgment for the same amount. The facts disclosed by the record show that the suit is based upon a claim that Dobbs converted to his own use some furniture belonging to the appellees but upon which Dobbs had a mortgage to secure the payment of the purchase money. Mrs. Whitfield testified that she alone purchased the property; that she paid $10 in cash at the time, and agreed to pay the remainder in monthly installments till the whole amount of the purchase price was satisfied. She used the furniture for the purpose of furnishing and conducting a rooming house. Her aunt, Mrs. Ray, became her partner in that business. After carrying on the business for some time, they disagreed and dissolved their partnership. The furniture was then left in the care of Mrs. Ray with the understanding that she was to complete the payments that accrued thereafter. Up to that time Mrs. Whitfield had paid $95. Mrs. Whitfield denies that she sold the property to Mrs. Ray, or relinquished any portion of her title to the same. Upon that issue, however, her testimony is disputed; but the jury decided the conflict in her favor.

The first and second assignments of error complain of the refusal of the court to give two differently worded peremptory instructions directing a verdict for the defendant in the suit. The proposition upon which these assignments are based is as follows: "Where personal property is left by one member of a firm in the control, possession, and management of the other, and the party in possession abandons same, the mortgagor has the right to lawfully take possession and preserve his security." It is not contended that the general charge of the court did not fairly submit the issues raised by the pleadings and the evidence. The proposition above quoted shows that the demand for the peremptory instructions was based upon the theory that Mrs. Ray was a partner with Mrs. Whitfield in the ownership of the furniture, and that Mrs. Ray had abandoned the furniture, and therefore that Dobbs, the creditor, had a right to take possession of it for the purpose of preserving his security. However correct that proposition may be as a matter of law, it is not applicable to the

facts as found by the jury. It is disputed as to whether or not Mrs. Ray had any interest in the furniture; Mrs. Whitfield claiming that she had none, and Dobbs claiming that she had a half interest. The evidence shows that, after Mrs. Whitfield agreed that Mrs. Ray should finish the payment, the latter failed to carry out her agreement, and Dobbs asserted his right to the property and sold it to Mrs. Ray. He claims that he did this with Mrs. Whitfield's consent. In this he is contradicted, and the jury evidently did not accept his version.

The third assignment of error complains of the refusal of the court to permit Dobbs to testify that he finally took possession of the furniture because it was abandoned by Mrs. Ray and the party to whom she had sold it, and that he was compelled to do this in order to protect his security from a landlord's lien which was then about to be enforced against it for rents due from those who had it in possession. This testimony might have been admissible had it not also been shown by Dobbs' own testimony that previous to this time he sold the furniture to Mrs. Ray. His conversion may legally be said to date from that transaction. Hence what he did thereafter in taking possession of the furniture would be no defense if he was guilty of a wrong in the first instance.

Under the facts as presented we find no error that would justify a reversal of the judgment, and it is, accordingly, affirmed.